IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————————

No. 01-50919
Summary Calendar

—————————————————

MIGUEL RODRIGUEZ-ROSALES,

Petitioner-Appellant,

versus

R.D. MILES, Warden, FCI Bastrop,

Respondent-Appellee.

—————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-373-JN

—————————————————————————————

November 30, 2001

Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Miguel Rodriguez-Rosales, federal prisoner # 70820-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He contends that he cannot bring a claim based on Apprendi v. New Jersey[1] in a 28 U.S.C. § 2255 motion because it would be barred by the one-year statute of limitations. He maintains that his only

—————————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]530 U.S. 466, 490 (2000).

remedy is to bring a 28 U.S.C. § 2241 petition under the savings clause of 28 U.S.C. § 2255. Rodriguez-Rosales has not shown that the district court erred in dismissing his petition as his challenge to his sentence is outside the scope of 28 U.S.C. § 2241. Further, Rodriguez-Rosales has not shown that his <u>Apprendi</u> claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense."[2] Therefore, he has not shown that his claim falls within the savings clause of § 2255. Further, Rodriguez-Rosales was not entitled to "access § 2241 merely because . . . the statute of limitations expired on his § 2255 motion."[3]

Rodriguez-Rosales also contends that the district court's dismissal of his § 2241 petition violated his rights under the Suspension Clause. The savings clause of § 2255 does not violate the Suspension Clause.[4]

AFFIRMED.

---

[2]<u>Reyes-Requena v. United States</u>, 243 F.3d 893, 900 (5th Cir. 2001).

[3]<u>Id.</u> at 906 n.34.

[4]<u>Id</u>. at 901 n.19.